UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HASSAN NAHIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOLLAR TREE STORES, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff Hassan Nahim complains against Defendant Dollar Tree Stores, Inc. and demands a trial by jury as follows:

**PARTIES, JURISDICTION, and VENUE**

1. Plaintiff Hassan Nahim resides in Yonkers (Westchester) New York.

2. Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is a Virginia corporation registered with the Maine Secretary of State to do business in Maine, which operates several Dollar Tree locations throughout the state, including at Store # 3888 on Stillwater Ave. in Bangor, Maine.

3. Jurisdiction is proper under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. Jurisdiction is also proper under 28 U.S.C. § 1331 because the matter involves a question of federal law (42 U.S.C. § 1981).

4. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claim occurred in Maine. Under

Rule 3(h) of the Rules of this Court, this action should be tried in Bangor because the events at issue occurred at the Dollar Tree store on Stillwater Ave. in Bangor.

5. For purposes of Count II, Plaintiff has exhausted all administrative requirements and/or has met all relevant conditions precedent before commencing suit on Count II, including obtaining a so-called "Notice of Right to Sue" from the Maine Human Rights Commission (MHRC) and have commenced suit no later than two years from the last act of discrimination.

## FACTUAL ALLEGATIONS

6. Plaintiff is a black male born in Sierra Leone. He is Naturalized U.S. Citizen. He resides in Yonkers, New York.

7. Plaintiff was at all times material to this action employed as a commercial truck driver.

8. On September 10, 2024, at approximately 3:00 p.m., Plaintiff went to the Dollar Tree store on Stillwater Dr. in Bangor, Maine to buy snacks after he finished a delivery at a nearby Target store.

9. Once in the Dollar Tree store, Plaintiff selected a few items, but before he could complete his purchase, the store manager, a woman named Beth, falsely accused Plaintiff of stealing from the store.

10. Beth told Plaintiff that she saw Plaintiff stealing on her camera and asked Plaintiff to empty his backpack.

11. Plaintiff responded by telling Beth that he did not steal anything, that he had been in the store for less than 2 minutes, and that he would not open his backpack because he did not steal anything.

12. Plaintiff told Beth that if she thought he stole something, then she should call the police. Beth responded by stating that she did not have to call the police, and stated that if Plaintiff did not open his back pack, he would have to leave the store. Plaintiff again refused to empty his pack.

13. Beth told Plaintiff to leave the store.

14. Plaintiff was prevented from making a purchase.

15. Plaintiff recorded most of the interaction with Beth on his iPhone.

16. After Plaintiff left the store, he called the Bangor Police Department to report the incident because he was racially profiled and falsely accused of a crime.

17. Bangor police arrived a few minutes later. Beth told the officer that she "didn't accuse [Plaintiff] of stealing" but admitted that she asked Plaintiff to open his pack and told him to leave the store when he refused to open his pack.

18. Plaintiff showed the police officer his back pack, which contained nothing other than the personal items he brought into the store.

19. Bangor Police later issued a police report, which reflects facts consistent with the allegations in the foregoing paragraphs.

20. Plaintiff filed a complaint with the Maine Human Rights Commission on January 29, 2025. He obtained his Notice of Right to Sue on October 7, 2025.

## COUNT I
## 42 U.S.C. § 1981
### Intentional Race Discrimination

21. Plaintiff repeats the allegations contained in Paragraphs 1 through 20.

22. Section 1981 of Title 42 of the U.S. Code ("Section 1981") provides that all persons shall have the same rights as white citizens to "make and enforce contracts," including the performance thereto or termination thereof; all benefits, privileges, terms, or conditions associated therewith; and to the full and equal benefit of all laws, in a manner free from racial discrimination or harassment.

23. As set forth above, Defendant, through the acts and omissions of its store manager, discriminated against Plaintiff on the basis of his race, and such discrimination impeded or impaired Plaintiff's right and ability to make, enforce, perform, or terminate contracts, to wit: to engage in a basic commercial transaction.

24. But for Plaintiff's race, his statutory civil right to be free from discrimination in the making, enforcement, performance or termination of contractual rights would not have been impeded or impaired.

25. As a direct and proximate result of Defendant's acts and omissions, Plaintiff sustained damages in an amount to be determined at trial.

## COUNT II
### Denial of Public Accommodations Based on Race
### in Violation of 5 M.R.S. § 4592

26. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1-25.

27. Defendant is a "place of public accommodation" as that term is defined under the Maine Human Rights Act. 5 M.R.S. § 4553(8)(B).

28. The MHRA prohibits any entity, including its owners, managers, agents, or employees, from directly or indirectly refusing service, discriminating against, or denying a person the full enjoyment or privileges of a place of public accommodations based on race or nationality. 5 M.R.S. § 4592.

29. Through the acts or omissions of its manager as set forth above, Defendant denied Plaintiff the full enjoyment and privileges of a place of public accommodation based on his race or nationality.

30. As a direct and proximate result of Defendant's unlawful acts, Plaintiff sustained damages in an amount to be determined at trial.

### Count III
### 5 M.R.S. § 4682
### Interference with Civil Rights

31. Plaintiff repeats and re-alleges the foregoing paragraphs 1-30.

32. The Maine Civil Rights Act, 5 M.R.S. §4682 provides, in pertinent part:

"A person whose exercise or enjoyment of the rights secured by…the laws of the United States or ….of the State has been interfered with may institute and prosecute a civil action for legal or equitable relief whenever a person:

> B. Intentionally interferes or attempts to intentionally interfere with the exercise or enjoyment by any other person of those secured rights by:
>
> > (5) Engaging in any conduct that would cause a reasonable person to suffer emotional distress."

5 M.R.S. § 4682(1-A) (2023).

33. The Maine Civil Rights Act further provides:

"A person has the right to engage in lawful activities without being subject to…any conduct that would cause a reasonable person to suffer emotional distress…by reason of race…or color. "

5 M.R.S. § 4684-A.

34. Through the acts and omissions set forth above, Defendant has intentionally interfered with Plaintiff's civil rights to be free from race discrimination and otherwise engaged in conduct that would cause a reasonable person to suffer emotional distress by reason of his race or color.

35. Plaintiff, a reasonable person, did in fact suffer emotional distress as a direct and proximate result of Defendant's acts or omissions and sustained damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiff prays for judgment and for the following relief:

A. An award of compensatory and punitive damages as determined by a jury (Counts I and III);
B. Civil penal damages per 5 M.R.S. § 4613 (Count II);
C. An award of reasonable attorney's fees and all costs (all counts); and
D. All other damages to which Plaintiff may be entitled.

Dated:  October 9, 2025       */s/ James A. Clifford*
                              James A. Clifford
                              james@cliffordclifford.com

                              */s/ Andrew. P. Cotter*
                              Andrew P. Cotter
                              andrew@cliffordclifford.com

CLIFFORD & CLIFFORD, LLC
10 Moulton Street, 5th Floor
Portland, ME 04101
(207) 613-9465